IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

ALRAINA LIGON,

    Plaintiff,

v.

CITIZENS DISABILITY, LLC,

    Defendant.

Case No. 1:19-cv-01240

## COMPLAINT

NOW COMES Plaintiff, ALRAINA LIGON, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, CITIZENS DISABILITY, LLC, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ALRAINA LIGON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 883 Parkwood Drive, Cleveland OH, 44108.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. CITIZENS DISABILITY, LLC ("Citizens Disability") is a foreign limited liability company with its principal place of business in Waltham, Massachusetts.

7. Citizens Disability is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4702.

9. At all times relevant, Plaintiff's number ending in 4702 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

11. In April 2019, Plaintiff sought social security disability benefits through Citizens Disability.

12. Plaintiff was not eligible.

13. Thereafter, started to receive marketing/solicitation phone calls from Citizens Disability.

14. After receiving 3-4 phone calls, Plaintiff answered, experienced momentary pause prior to being connected, then demanded that Citizens Disability "stop calling."

15. Despite Plaintiff's demand, Citizens Disability continued/continues to place marketing/solicitation phone calls to Plaintiff.

16. In total, Citizens Disability has placed (or caused to be placed) no less than 23 unconsented-to phone calls to Plaintiff on:

> May 6, 2019 at 5:50 PM
> May 7, 2019 at 10:46 AM
> May 7, 2019 at 2:55 PM
> May 8, 2019 at 10:57 AM
> May 8, 2019 at 4:04 PM
> May 10, 2019 at 10:37 AM
> May 10, 2019 at 1:34 PM
> May 17, 2019 at 11:57 AM
> May 17, 2019 at 1:23 PM

>May 17, 2019 at 4:06 PM
>May 20, 2019 at 10:23 AM
>May 20, 2019 at 1:03 PM
>May 20, 2019 at 3:47 PM
>May 21, 2019 at 10:57 AM
>May 21, 2019 at 1:30 PM
>May 21, 2019 at 4:54 PM
>May 22, 2019 at 1:37 PM
>May 23, 2019 at 2:32 PM
>May 23, 2019 at 2:51 PM
>May 23, 2019 at 3:29 PM

17. Citizens Disability's unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## **CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19. Citizens Disability placed or caused to be placed no less than 23 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

20. Upon information and belief, based on the "momentary pause" Plaintiff experienced, Citizens Disability employed an ATDS to place calls to Plaintiff's cellular telephone.

21. Upon information and belief, the ATDS employed by Citizens Disability transfers the call to a live representative once a human voice is detected, hence the noticeable pause.

22. Upon information and belief, the ATDS employed by Citizens Disability has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

23. Upon information and belief, Citizens Disability acted through its agents, employees, and/or representatives at all times relevant.

24. As a result of Citizens Disability's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

25. As a result of Citizens Disability's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Citizens Disability violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 31, 2019                                    Respectfully submitted,

                                                                                   **ALRAINA LIGON**

                 */s/ Joseph S. Davidson*

                 Joseph S. Davidson
                 Mohammed O. Badwan
                 SULAIMAN LAW GROUP, LTD.
                 2500 South Highland Avenue
                 Suite 200
                 Lombard, Illinois 60148
                 +1 630-575-8181
                 jdavidson@sulaimanlaw.com
                 mbadwan@sulaimanlaw.com